UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C 1231 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CITY OF CHICAGO, COUNTY OF COOK, | ) | |
| JAMES CORCORAN, DWAYNE DAVIS, | ) | |
| TENE MCCOY CUMMINGS, TERESA | ) | |
| GUERRERO, and AS-YET UNKNOWN | ) | |
| CURRENT OR FORMER EMPLOYEES OF | ) | |
| THE CITY OF CHICAGO AND THE | ) | |
| COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

After spending two years in jail accused of a crime of which he was ultimately acquitted, Plaintiff Timothy Jones filed this suit pursuant to 42 U.S.C. § 1983 against the City of Chicago (the "City"), the County of Cook (the "County"), Chicago Police Department Sergeant James Corcoran, Detective Dwayne Davis, and Assistant State's Attorneys ("ASAs") Tene McCoy Cummings and Teresa Guerrero. In his amended complaint, Jones brings federal claims for false arrest and false imprisonment against Davis and violation of due process against the ASAs. He also raises state law claims for malicious prosecution and intentional infliction of emotional distress ("IIED") against Corcoran and Davis and seeks indemnification from both the City and County. Defendants have filed motions to dismiss Jones' amended complaint. Because the statute of limitations expired on Jones' false arrest and imprisonment claim before he initially filed suit, he cannot proceed on that claim. He filed suit before the statute of limitations expired on his state law claims and the Court previously found that equitable tolling applies based on issues recruiting counsel for Jones, thus his state law claims may proceed. But the Court dismisses Jones' due process claim against the ASAs because absolute immunity protects their

prosecutorial actions. And the dismissal of all claims against the ASAs renders moot Jones' indemnification claim against the County.

## BACKGROUND[1]

On July 20, 1998, a woman claimed she was raped. After a brief investigation, at which time the woman indicated she did not want to pursue the matter further, the case lay dormant. About eight years later, the police obtained a DNA match on a sample taken from Jones, but the police could not get in touch with the woman to proceed with the case. Finally, in 2012, the woman provided the police with additional information, causing Davis to prepare a warrant for Jones' arrest. Jones was arrested on July 31, 2012 in Nebraska and extradited to Chicago. Jones denied raping anyone but stated he may have had consensual sex with the woman. Corcoran recommended that charges be filed against Jones. Prosecutors charged Jones with non-aggravated criminal sexual assault and Jones had an arraignment hearing on September 26, 2012.

At the time of Jones' arrest, the police did not have possession of the woman's medical records. Only several days before Jones' scheduled trial, prosecutors disclosed in a motion *in limine* that the woman had previously made at least one false rape allegation in December 1998. Jones' counsel moved for a continuance, and the judge moved the trial from October 15, 2013 to July 28, 2014. The two-day bench trial ended on September 5, 2015, with the judge finding Jones not guilty.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th

---

[1] The facts in the background section are taken from Jones' amended complaint and are presumed true for the purpose of resolving Defendants' motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). The Court also takes notice of the date of Jones' arraignment, as it is found in the certified statement of disposition that the City Defendants have attached to their reply and is not open to dispute. *See Adebiyi v. Felgenhauer*, No. 08 C 6837, 2010 WL 1644255, at *2 (N.D. Ill. Apr. 20, 2010) (taking judicial notice of certified statement of conviction).

Cir.1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F. 3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 569 n.14).

## ANALYSIS

### I. False Arrest and False Imprisonment Claim (Count I)

First, Davis argues that the statute of limitations bars Jones' false arrest and false imprisonment claim against him. The statute of limitations is an affirmative defense that Jones need not anticipate in his complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint).

Jones' § 1983 claim is governed by the forum state's statute of limitations for personal injury claims, in this case, two years. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); 735 Ill. Comp. Stat. 5/13-202. Although the statute of limitations is borrowed from state law, federal law determines when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Jones' claim for false arrest and false imprisonment accrued when Jones was bound over by a magistrate or arraigned on charges. *Id.* at 389–91; *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). Here, Jones was arraigned on September 26, 2012, meaning the statute of limitations on his false arrest and false imprisonment claim expired at the latest on September 26, 2014. The Court received Jones' complaint on February 9, 2015, several months after this date.

Jones argues, however, that his claim should nevertheless proceed because the Court has determined that equitable tolling applies to the case. Equitable tolling applies where the plaintiff, through the exercise of due diligence, could not have obtained the information needed to file his claim before the limitations period expired. *Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). Here, there is no suggestion that Jones could not have brought a claim of false arrest within the two-year statute of limitations and indeed, such a claim can be inferred from Jones' original *pro se* complaint. *See* Doc. 1. The Court's application of equitable tolling was intended to toll the statute of limitations from the time the Court received his complaint on January 9, 2015 and the time his recruited counsel filed an amended complaint because of the difficulty of securing recruited counsel for Jones during that period of time, effectively hampering his efforts to amend his claims and name additional defendants. *See* Doc. 51. Equitable tolling does not save Jones' false arrest and false imprisonment claim, however, where the statute of limitations had already expired before Jones filed his initial complaint. Therefore, the Court dismisses the false arrest and false imprisonment claim with prejudice.

## II. Malicious Prosecution and IIED Claims (Counts III and IV)

Corcoran and Davis move to dismiss Jones' state law malicious prosecution and IIED claims on statute of limitations grounds as well. These claims are both subject to a one-year statute of limitations. *See* 745 Ill. Comp. Stat. 10/8-101(a) (setting forth statute of limitations for civil tort claims against local government employees); *Shelton v. Wright*, No. 09 C 6413, 2011 WL 856811, at *3 (N.D. Ill. Mar. 9, 2011) (state law malicious prosecution claim); *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006) (IIED claim), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). For a malicious prosecution claim, this one-year period begins running "on the date the case was terminated in the plaintiff's favor." *Shelton*, 2011 WL 856811, at *3. In this case, that means Jones' malicious prosecution claim accrued on September 5, 2014. The Court received his initial complaint on February 9, 2015, and, with the application of equitable tolling, the naming of the individual Defendants in the malicious prosecution claim in the amended complaint on March 21, 2017 is thus timely.

In the context of arrest and prosecution, an IIED claim accrues on the date of the arrest. *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013). Jones was arrested over a year before he initially filed suit, which would make his IIED claim untimely and keep equitable tolling from saving that claim. But Jones argues that because his IIED claim is based on conduct that parallels his malicious prosecution claim, the claim did not accrue until his state criminal proceedings terminated. Indeed, some courts have applied the continuing violation doctrine to find that where an IIED claim rests on conduct tied to a malicious prosecution claim, the claim accrues only when the criminal proceedings are terminated in the plaintiff's favor. *See La Playita Cicero, Inc. v. Town of Cicero, Ill.*, 175 F. Supp. 3d 953, 970 (N.D. Ill. 2016); *Renaud v. City of Chicago*, No. 12-cv-08758, 2013 WL 2242304, at *5 (N.D. Ill. May 12, 2013); *Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1028 (N.D. Ill. 2003). *But see Friends-Smiley v. City of*

5

*Chicago*, No. 16-cv-5646, 2016 WL 6092637, at *2 (N.D. Ill. Oct. 19, 2016) (collecting cases finding that IIED claims accrue on date of arrest, regardless of whether facts allegedly are intertwined with malicious prosecution claims). Corcoran and Davis do not respond to this argument in their reply and instead refer to the statute of limitations for Jones' state law claims collectively as expiring on September 5, 2015. *See, e.g.*, Doc. 104 at 8 (noting that September 5, 2015 is "the date the statute of limitations in his state law cases expired"). Given this apparent concession, the Court treats Jones' IIED claim as having accrued on September 5, 2014 and finds, as it did with the malicious prosecution claim, that Jones may proceed on the IIED claim in light of the Court's application of equitable tolling to the period between when Jones submitted his initial complaint and when his recruited counsel filed the amended complaint.[2]

## III. Due Process Claim (Count II)

Separately, the ASAs—Cummings and Guerrero—move to dismiss Jones' due process claim, arguing that absolute prosecutorial immunity shields them from this claim. "A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). To determine whether the immunity applies, the Court must determine whether the prosecutor acted as an officer of the court or instead engaged in investigative or administrative tasks. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 & n.33, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976).

Here, Jones alleges that Cummings and Guerrero violated his due process rights by committing a *Brady* violation in failing to disclose the woman's prior false accusation of rape until only days before Jones' initial trial date in a motion *in limine*. In his response, Jones claims he needs discovery to determine the role the ASAs played when they violated his due process

---

[2] Although the Court finds that the malicious prosecution and IIED claims may proceed against Corcoran and Davis based on equitable tolling, the Court notes that any such claims against the as-yet unnamed officers are likely time-barred at this point in time.

rights. But the Seventh Circuit has held that "*Brady* and *Giglio* duties are functionally prosecutorial—they are intimately related to the judicial phase of the criminal process." *Fields*, 672 F.3d at 513. As such, the prosecutors in Jones' criminal case are entitled to absolute immunity with respect to Jones' *Brady* claim. *See id.* at 514 ("[S]o long as we view *Brady* and *Giglio* as distinct version of the right to due process, and the prosecutor as responsible for ensuring *Brady* and *Giglio* compliance, we must also recognize that in fulfilling this responsibility, the prosecutor acts as an officer of the court embroiled in the judicial phase of the criminal process. For the reasons we value absolute prosecutorial immunity, a prosecutor is entitled to the protection with respect to his actions and decisions pertaining to his fulfillment of *Brady* and *Giglio*." (citations omitted)); *Harris v. City of Chicago*, No. 14-cv-4391, 2015 WL 1331101, at *6 (N.D. Ill. Mar. 19, 2015) (ASAs were entitled to absolute immunity for any *Brady* claims that they suppressed exculpatory evidence). The Court thus dismisses the due process claim with prejudice.

## IV. Indemnification Claims (Counts V and VI)

Both the City and the County seek dismissal of the indemnification claims against them, arguing that these claims are moot without any valid claims against the individual Defendants. Because no claims remain against the ASAs, the Court dismisses the indemnification claim against the County. But because claims remain against Corcoran and Davis, both City employees, the Court cannot dismiss the indemnification claim against the City.

## CONCLUSION

For the foregoing reasons, the Court grants the County Defendants' motion to dismiss [90] and grants in part and denies in part the City Defendants' motion to dismiss [93]. The Court dismisses the false arrest and false imprisonment claim against Davis (Count I), the due process claim against Cummings and Guerrero (Count II), and the indemnification claim against the

7

County (Count VI) with prejudice.  The Court orders Corcoran, Davis, and the City to answer the remaining allegations of the amended complaint by January 11, 2018.

Dated: December 18, 2017

_____
SARA L. ELLIS
United States District Judge